IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMECIA A. THOMAS,  :  <br> :  <br> Plaintiff,  :  <br> :  <br> v.  :  <br> :  <br> AMAZING CARE AGENCY, INC.  :  <br> :  <br> Defendant.  :  <br> _____  :  | CIVIL ACTION FILE <br> NO. _____ |

### COMPLAINT FOR VIOLATIONS OF THE
### FAIR LABOR STANDARDS ACT

COMES NOW PLAINTIFF JAMECIA A. THOMAS and files this civil action against Defendant AMAZING CARE AGENCY, INC. for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages, liquidated damages and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. § 1367.

2.

Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district as the Defendant resides herein, and a substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

**PARTIES**

3.

Plaintiff JAMECIA A. THOMAS ("Ms. Thomas") is an individual who was formerly employed by Defendant as a home health aide. At all material times, Ms. Thomas was an "employee" of Defendant as that term is defined at 29 U.S.C. §203(e)(1). During her employment, Defendant failed to pay Ms. Thomas a premium of at least one-and-one half times her regular rate of pay for each hour she worked above 40 in a given workweek.

4.

Defendant AMAZING CARE AGENCY, INC. ("ACAI") is subject to the jurisdiction of this Court. At all relevant times, ACAI was Ms. Thomas's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant may be served with civil process upon its Registered Agent, Rhonda Pappoe, 1310 Bridle Path Drive, Lawrenceville, Gwinnett County, Georgia 30045, or wherever she may be found.

5.

At all material times during her employment, Ms. Thomas was engaged in commerce as ACAI's employee in that she handled household and medical supplies which were used and transported in interstate commerce.

6.

At all material times during Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, having handled household and medical supplies which were used and transported in interstate commerce.

7.

At all material times since 2018, ACAI had two more employees engaged in commerce.

8.

Since 2018, ACAI had two or more employees handling, selling or otherwise working on household and medical supplies, equipment or related materials that have been moved and produced for commerce by any person.

9.

During each year since 2018, ACAI has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. §203(s)(1).

10.

At all times material hereto, Ms. Thomas was not exempt from the FLSA's overtime pay requirement.

## FACTS

11.

Within the last three (3) years, Ms. Thomas was formerly employed by ACAI as a home health aide.

12.

As a home health aide, Ms. Thomas spent more than 20 percent of her workweek providing fellowship and protection for the care of an elderly person or a person with an illness, injury or disability who requires assistance in caring for herself.

13.

As an employee of ACAI, Ms. Thomas frequently worked in excess of 40 hours per workweek, and ACAI paid Ms. Thomas bi-weekly for her services.

14.

For the pay period between July 28 and August 10, 2020, Ms. Thomas worked 84.0 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

15.

For the pay period between August 11 and August 24, 2020, Ms. Thomas worked 105.0 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

16.

For the pay period between August 25 and September 7, 2020, Ms. Thomas worked 105.0 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

17.

For the pay period between September 8 and September 21, 2020, Ms. Thomas worked 106.0 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

18.

For the pay period between September 22 and October 5, 2020, Ms. Thomas worked 103.83 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

19.

For the pay period between October 6 and October 19, 2020, Ms. Thomas worked 90.33 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

20.

For the pay period between October 20 and November 2, 2020, Ms. Thomas worked 111.0 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

21.

For the pay period between November 3 and November 16, 2020, Ms. Thomas worked 87.67 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

22.

For the pay period between December 15, 2020 and December 28, 2021, Ms. Thomas worked 94.0 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

23.

For the pay period between December 29, 2020 and January 11, 2021, Ms. Thomas worked 94.0 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

24.

For the pay period between January 12, 2021 and January 25, 2021, Ms. Thomas worked 83.0 hours but received no overtime premium for the hours she worked in excess of 40 hours in a workweek.

25.

On information and belief, ACAI's seven (7) day "workweek" for purposes of the FLSA was Tuesday through the following Monday.

26.

ACAI never paid Ms. Thomas one and one-half times her regular rate of pay for each hour worked over 40 hours during any given workweek.

27.

ACAI failed to properly compensate Ms. Thomas for all overtime hours worked at a rate of one and one-half times her regular rate of pay.

## COUNT I

### VIOLATION OF SECTION 207 OF THE FLSA
### (UNPAID OVERTIME WAGES)

28.

Plaintiff restates the allegations contained in Paragraphs 1-27 of her Complaint as is fully set forth.

29.

At all material times, Ms. Thomas was an hourly, non-exempt employee of ACAI.

30.

Ms. Thomas regularly worked more than 40 hours in many workweeks for ACAI, but ACAI failed to properly compensate her at a rate of at least one and

one-half times her regular rate of pay for each hour worked in excess of 40 hours in every workweek.

31.

ACAI knew or should have known that the FLSA applied to Ms. Thomas, and it had a duty to ensure it paid Ms. Thomas at least one and one-half times her regular rate of pay for each hour she worked over 40 in a given workweek.

32.

ACAI willfully failed to properly compensate Ms. Thomas for the hours she worked in excess of 40 hours each workweek.

33.

As a result of ACAI's willful failure, Ms. Thomas is entitled to an award of back pay in the amount of one and one half times her regular rate of pay for each uncompensated hour she worked over 40 in any given workweek for which ACAI did not compensate her at the statutory rate.

34.

Said willful violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests:

(a)     that her Complaint be read and considered;

(b) that service of process issue against Defendant ACAI as authorized by law;

(c) that the Court declare that ACAI has violated Plaintiff's rights under the overtime wage provision of the FLSA;

(d) that the Court award Plaintiff the value of her unpaid overtime wages;

(e) that the Court award Plaintiff liquidated damages as authorized by the FLSA;

(f) that the Court award Plaintiff her expenses of litigation, including her reasonably-incurred attorney's fees as authorized by the FLSA; and

(g) that the Court award such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

/s/ Dean R. Fuchs
DEAN R. FUCHS
Georgia Bar No. 279170
Attorney for Plaintiff

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
d.fuchs@swtwlaw.com